**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**GREGORY WAYNE MONTGOMERY et al.**                                   **PLAINTIFFS**

**v.**                                                                **CIVIL ACTION NO. 3:12-CV-686-S**

**FEDERAL MEDICARE AGENTS et al.**                                    **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff, Robert L. Montgomery,[1] has filed a *pro se*, *in forma pauperis* complaint. He names as Defendants in the caption portion of the complaint "Federal Medicare Agents" and "state of Commonwealth." The complaint is disjointed and rambling. He states that his mother is kidnapped; that someone, it is not clear whom, failed to pay her homeowner's insurance; and that "Feds have tried too take her husbands family insurance cabbie called family protection yellow cab he filled the Feds sized our properties." Later, the complaint states in part, "Monies and properties are more than you can ever think or imagine said my accounts Robert Tilton pledge Christian [B]ible studies the word partner now [illegible] by these FBI." As relief, he requests: "Mom prayer Jesus Christ Jesus Amen poor Jessica Sue Brandenburg my only baby born 1984 me charged murder 27 year sentence placed without a trial and I served it out without family medical history ever given too me supposed too have been given every 90 days of minimum security releases."

---

[1] The caption of the complaint also lists as plaintiffs "Gregory Wayne Montgomery" and "Rosa Lee Jeanette." However, only Plaintiff Robert Montgomery signed the complaint and submitted an application to proceed *in forma pauperis*. As Plaintiff Robert Montgomery has been told in a prior lawsuit before this Court, he may not represent others in federal court. *See*, *e.g.*, *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("*pro se*" means to appear for one's self; thus, one person may not appear on another person's behalf in the other's cause). The Court therefore considers Plaintiff Robert Montgomery as the sole Plaintiff in this action.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, "a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted).

In the instant case, Plaintiff fails to provide material facts in support of any viable legal theory against any of the named Defendants and fails to place any Defendant on notice as to any claim(s) against them, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)), and the complaint is simply too vague and sketchy to state a cause of action under any legal theory.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Additionally, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate

seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Court will enter an Order consistent with this Memorandum Opinion.

Date: January 16, 2013

Charles R. Simpson III, Judge
United States District Court

cc:   Plaintiff Robert Montgomery, *pro se*

4411.009